LAWRENCE P. CRONIN *vs.* JUDGES OF THE SUPERIOR COURT.

Suffolk.    May 18, 1925. — June 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Prohibition, Writ of.    Jurisdiction.*

A petition for a writ of prohibition enjoining the Superior Court from proceeding with the trial of an indictment against the petitioner was based on a contention that he had been acquitted on the indictment

and therefore could not be tried again on the same indictment. It appeared that previously a jury had been empanelled and a trial had proceeded upon the indictments for several days when the presiding judge against the protest of the defendant withdrew the case from the jury because he ruled that a remark, made by counsel for the defendant, was calculated to bring about a mistrial. The defendant again was called to the bar for trial upon the same indictments. He then filed a plea in bar, a plea to the jurisdiction, and a plea of *autrefois acquit*, and brought the petition for writ of prohibition. *Held*, that
  (1) The pleas filed in the Superior Court amply protected the rights of the defendant;
  (2) The Superior Court had jurisdiction to pass on those matters;
  (3) Since prohibition lies only to restrain a clear excess of jurisdiction about to be committed against one who has not submitted thereto where there is no other adequate remedy, the petition must be dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 9, 1924, for a writ of prohibition enjoining the respondents or either of them from proceeding further in the trial of indictments against the petitioner.

The case was heard by *Carroll*, J., upon the petition and answers, and was ordered dismissed. The petitioner alleged exceptions.

The case was submitted on briefs.

*J. E. O'Connell, D. T. O'Connell, & J. F. Barry*, for the petitioner.

*M. Caro*, Assistant District Attorney, for the respondents.

RUGG, C.J.  This is a petition for a writ of prohibition. It is founded upon these facts: Indictments were found against the defendant; a jury was empanelled and the trial of the issues raised on the indictments proceeded for several days when the presiding judge against the protest of the defendant withdrew the cases from the jury because he ruled that a remark, made by counsel for the defendant, was calculated to bring about a mistrial. The defendant again has been called to the bar of the Superior Court for trial upon the same indictments. He brings this petition on the ground that the withdrawal of the cases from the jury at the first trial was an acquittal and that therefore he cannot be tried again on the same indictments.

Manifestly the trial of the indictments was within the jurisdiction of the Superior Court. If the withdrawal of

the cases from the jury amounted to an acquittal, the defendant has every opportunity to present that contention to the Superior Court by a proper plea. It appears from the record that he already has filed a plea in bar, a plea to the jurisdiction, and a plea of *autrefois acquit.* Some one of these pleas, if in proper form, amply protects all rights of the defendant. The Superior Court had jurisdiction to pass upon them. That is a court of general jurisdiction as to the trial of all indictments. If that court made an erroneous decision, the regular forms of criminal practice and procedure afford ample remedy for the correction of such error. The principles which govern the issuance of a writ of prohibition are well settled. "It will not be granted if the court or tribunal against which it is sought has jurisdiction of the cause or matter which it proposes to adjudicate. Prohibition lies only to restrain a clear excess of jurisdiction about to be committed against one who has not submitted thereto where there is no other adequate remedy. It does not issue to correct or restrict errors or irregularities of a tribunal which is acting within its jurisdiction, although proceeding improperly in the exercise of that jurisdiction. It can be invoked to prevent a court from exercising a jurisdiction which it does not possess. It will not be granted to remedy the errors of a judicial tribunal acting within its jurisdiction, but lies only to restrain such tribunal from acting outside its jurisdiction." *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 82, and cases there collected. *Goulis* v. *Judge of Third District Court of Eastern Middlesex,* 246 Mass. 1, 8, and cases cited.

*Exceptions overruled.*