A JUVENILE vs. COMMONWEALTH.

Suffolk. March 7, 1978. — April 25, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Probable cause hearing, Transfer hearing. *Delinquent Child.*

This court granted review under G. L. c. 211, § 3, in an action by a juvenile plaintiff seeking to avoid a second transfer hearing on delinquency complaints which had previously been dismissed for lack of probable cause. [106]

It was permissible to hold a second transfer hearing on deliquency complaints which had previously been dismissed for lack of probable cause where additional evidence concerning probable cause was available. [106-108]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on July 25, 1977.

The case was reserved and reported by *Liacos*, J.

*Jay D. Blitzman* for the plaintiff.

*John B. Glynn*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. Pursuant to G. L. c. 211, § 3, the plaintiff juvenile seeks to enjoin the holding of a second juvenile transfer hearing on the same charges after a finding of no probable cause at the first hearing.

The pertinent facts, which are taken from a statement of agreed facts, are as follows. On November 21, 1976, three juveniles were observed in a stolen vehicle by a police officer. The officer followed the vehicle for approximately ten minutes at speeds of thirty-five to forty-five miles an hour. Suddenly, the stolen car accelerated to an estimated speed of sixty-five miles an hour prior to entering an intersection. The car ran a stop light and hit another car. One of the pas-

sengers in the other car was killed. Two of the juveniles were apprehended at the scene. The plaintiff was arrested later at his home.

On November 22, 1976, the plaintiff was charged in Boston Juvenile Court on deliquency complaints with use of a motor vehicle without authority, vehicular homicide, and operating without a license. These matters were continued for transfer hearings. These same delinquency charges were also brought against one of the other juveniles. The third juvenile was charged with use without authority. The latter two cases were continued for adjudicatory delinquency proceedings.

On February 5, 1977, the plaintiff's transfer hearing and the other juveniles' delinquency proceedings were held. The assistant district attorney moved for hearing simultaneously against the three juveniles.

The police officer who had followed the stolen car identified the three juveniles as those he had seen in the car, and recounted his observations of the chase and accident. During the officer's testimony, the assistant district attorney attempted to introduce statements made to the officer by the two juvenile codefendants concerning the identity of the operator of the car at the time of the accident. This testimony was excluded.

On March 4, 1977, the delinquency complaints against the plaintiff concerning vehicular homicide and operating without a license were dismissed for lack of probable cause. The complaint charging use without authority was continued for finding and disposition. On March 28, 1977, the plaintiff was committed to the Department of Youth Services. The two codefendants were found delinquent on the charge of use without authority.

On May 19, 1977, the plaintiff was charged with delinquency by reason of vehicular homicide and operating without a license. Transfer hearings were again requested by the Commonwealth. The additional evidence to be presented by the Commonwealth was the testimony of one of the two codefendants involved in the accident.

The plaintiff filed a motion to dismiss the request for a transfer hearing. After consideration of the motion, the presiding judge indicated that he would sign a memorandum in support of a petition pursuant to G. L. c. 211, § 3, since he had concluded that the issues raised were of first impression and of recurring importance, and that no other avenue of relief exists under present procedure.

The plaintiff then commenced the present action in the Supreme Judicial Court for Suffolk County. Relying on the judge's memorandum, a single justice reported the case to the full court.

1. *Propriety of relief under G. L. c. 211, § 3.* In the present case no remedy other than review under G. L. c. 211, § 3, is available to provide the plaintiff with the relief he seeks, the avoidance of a second transfer hearing. The decision to transfer is not subject to appeal; no appeal can presently be taken from the allowance of a motion to dismiss a request for a transfer hearing; and the Juvenile Court is not authorized to report cases. See G. L. c. 278, § 30A.

While we are aware that our authority under G. L. c. 211, § 3, should be exercised only in exceptional circumstances, *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167, 169-170 (1977), the special features of the present case lead us to conclude that it is an appropriate one for review pursuant to G. L. c. 211, § 3. Cases involving probable cause determinations have been entertained under G. L. c. 211, § 3. *Burke* v. *Commonwealth,* 373 Mass. 157 (1977). *Corey* v. *Commonwealth,* 364 Mass. 137 (1973). *Myers* v. *Commonwealth,* 363 Mass. 843 (1973). Moreover, where, as here, a single justice reports the case to the full court, we have granted full review under G. L. c. 211, § 3. See *Burke* v. *Commonwealth, supra* at 158-159.

2. *Availability of a second transfer hearing.* The purpose of a probable cause hearing for adults is "to screen . . . those cases that should not go to trial . . . ." *Myers* v. *Commonwealth, supra* at 847. "Defendants are held for trial only if the examining magistrate finds (1) 'that a crime has been committed' *and* (2) 'that there is probable cause to believe

the prisoner guilty.' G. L. c. 276, § 42." *Id.* Additional probable cause hearings may be held, especially if additional evidence is to be offered at the subsequent hearing. See *Burke* v. *Commonwealth, supra* at 160-161; *Maldonado, petitioner,* 364 Mass. 359, 363-365 (1973).[1]

Under G. L. c. 119, § 61, as amended through St. 1977, c. 829, § 11, at a transfer hearing "the court shall find whether probable cause exists to believe that the child has committed the offense or violation as charged." If the judge finds that probable cause exists, he must then determine whether the juvenile should be treated as a delinquent child or whether the case should continue under usual criminal procedures. Thus, the function of probable cause hearings is identical to that of the probable cause portion of transfer hearings, the aspect of the hearings at issue in this case.[2] There is, therefore, no reason not to allow a second transfer hearing when additional evidence concerning probable cause is available. See *Burke* v. *Commonwealth, supra* at 161-162; *Maldonado, petitioner, supra* at 363-365.

Additional evidence was to be offered at the second transfer hearing. Thus there is no question that it is permissible in this case to hold a second transfer hearing.

At any such subsequent transfer hearing it would be appropriate for the judge to consider whether any prejudice would attach to the juvenile because of the lapse of time between the initial hearing and the presentation of evidence at the subsequent hearing. Such an inquiry is particularly

---

[1] Successive probable cause hearings may not be held, however, when the holding of such additional hearings is shown to constitute harassment. See *Maldonado, petitioner,* 364 Mass. 359, 364-365 (1973). No claim of harassment is pressed on the facts before us.

[2] The transfer issues concerning whether "the child presents a significant danger to the public as demonstrated by the nature of the offense charged and [his] past record of delinquent behavior" and whether the child is "amenable to rehabilitation as a juvenile," see G. L. c. 119, § 61, apparently were not reached or decided by the Juvenile Court in the first proceeding.

necessary when the judge evaluates the transfer issue in light of the juvenile's age.[3]

The case is to be remanded to the county court where a judgment denying relief is to be entered.

*So ordered.*

---

[3] In determining whether this plaintiff should be transferred, the judge should consider the circumstances as of the date of the request for the second transfer hearing. The plaintiff should not be prejudiced by the delay which has resulted because review was sought under G. L. c. 211, § 3.