THOMAS H. FADDEN, JR. *vs.* COMMONWEALTH.

Suffolk. September 15, 1978. — November 13, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts, Jurisdiction. *Practice, Civil*, Relief in the nature of prohibition, Parties. *Practice, Criminal*, Duplicitous complaints, Double jeopardy, Sentence. *Pleading Criminal*, Complaint. *Constitutional Law*, Double jeopardy.

A criminal defendant who presents a double jeopardy claim of substantial merit is entitled to review of that claim before the second trial under the general superintendence powers of G. L. c. 211, § 3. [606]

Discussion of the roles of this court and the Appeals Court in the exercise of the power of general superintendence over a claim of double jeopardy by a criminal defendant. [606–608]

In an action brought under G. L. c. 211, § 3, seeking review of a double jeopardy claim, the proper party defendant is the Commonwealth. [608–609]

A defendant charged on two complaints with vehicular homicide by negligently operating to endanger and with vehicular homicide by operating under the influence of intoxicating liquor was not prejudiced by the duplicitous charges where the latter complaint was dismissed in a District Court and the defendant was sentenced only on the former. [609–611]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 21, 1977.

On transfer to a single justice of the Appeals Court, the case was heard by *Armstrong, J.*

After an appeal to a panel of Justices of that court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Henry P. Sorett* for the plaintiff.

*Kieran B. Meagher,* Assistant District Attorney, for the District Attorney for the Northern District, & *Terence M. Troyer,* Assistant Attorney General, for the Superior Court.

BRAUCHER, J. Two complaints were issued, each charging Fadden (the defendant) with causing the death of the same victim by operating a motor vehicle, in violation of G. L. c. 90, § 24G. The first charged that he operated the vehicle negligently so that the lives and safety of the public might be endangered; the second charged that he operated it while under the influence of intoxicating liquor. After trial in a District Court he was convicted on the first complaint and the second complaint was dismissed. He appealed to the Superior Court, and now seeks dismissal of the first complaint on the ground of double jeopardy. We uphold the procedure followed in presenting the issue, but deny on the merits the relief sought by the defendant. We order that the rights of the parties be declared accordingly.

The present civil action was brought by the defendant in this court for the county of Suffolk, and was transferred to the Appeals Court by a single justice of this court under G. L. c. 211, § 4A, and Appeals Court Rule 2:01, as amended, 3 Mass. App. Ct. 805 (1975). A single justice of that court dismissed the complaint, and the defendant appealed to a panel of the Appeals Court. We transferred the case to this court on our own motion.

The following facts appear from the pleadings and stipulation of the parties. On October 23, 1976, the Third District Court of Eastern Middlesex issued four criminal

complaints against the defendant, arising out of the same incident on that date. He was charged with homicide by motor vehicle by negligently operating to endanger, with speeding, with driving to endanger, and with operating a motor vehicle under the influence of alcohol. Later he was charged in a fifth complaint with homicide by motor vehicle by operating while under the influence of intoxicating liquor. He moved to dismiss the fifth complaint as duplicitous and as violative of the constitutional prohibition of double jeopardy. On February 11, 1977, after trial on all five complaints, the judge ordered the fifth complaint dismissed and found the defendant guilty on the other four complaints.

The defendant appealed to the Superior Court from the four convictions, and there moved to dismiss the remaining complaint for homicide by motor vehicle on the ground that he had previously been placed in jeopardy for the same offense. The motion was denied, and the defendant began the present action.

1. *The remedy.* The defendant framed his complaint in the present action as an application for injunctive relief pursuant to our power of general superintendence under G. L. c. 211, § 3, and for declaratory relief under G. L. c. 231A. We have recently held that a criminal defendant who presents a double jeopardy claim of substantial merit is entitled to review of that claim before the second trial "under our general superintendence power." *Costarelli* v. *Commonwealth,* 374 Mass. 677, 680 (1978). That case governs this one, and no other issue of appellate procedure is argued to us. Nevertheless, we think some clarification of the roles of this court and the Appeals Court in such cases is appropriate.

In the present case the single justice of this court might have exercised the power of general superintendence by deciding the case, or he might have reported it to the full court. Instead, he transferred the case to a single justice of the Appeals Court. The single justice of the Appeals Court did not have the benefit of our holding in the *Cos-*

*tarelli* case, and he ruled that the plaintiff could not cir-
cumvent the usual avenue of appellate relief after trial.

Years ago this court upheld the dismissal of a petition
for a writ of prohibition in a similar case. *Cronin* v. *Su-
perior Court*, 253 Mass. 182, 184 (1925). So far as that
decision reflected a view that review of a claim of double
jeopardy must be deferred until after trial and conviction,
it has been superseded by the *Costarelli* case. Once it is
decided to allow interlocutory review in a particular case,
however, a civil action in the nature of prohibition now
seems to be an appropriate mode of proceeding. See Mass.
R. Civ. P. 81 (b), 365 Mass. 841 (1974), abolishing writs of
prohibition and providing for civil actions seeking relief
formerly available under such writs. Courts in other ju-
risdictions have held that the writ of prohibition or its
statutory successor is the proper procedure for interlocu-
tory review of a double jeopardy claim. *Cardenas* v. *Su-
perior Court of Los Angeles County*, 56 Cal. 2d 273, 275
(1961). *Abraham* v. *Supreme Court of Bronx County*, 37
N.Y.2d 560, 564 (1975).

Section 4A of G. L. c. 211, as appearing in St. 1972,
c. 740, § 2, permitted a single justice of this court to trans-
fer to a lower court any case or matter which might other-
wise be disposed of by the single justice, with stated ex-
ceptions. One of those exceptions forbade transfer to any
court other than the Appeals Court of "writs of prohibi-
tion, or of mandamus to any court other than the su-
preme judicial court or the appeals court or to a judicial
officer thereof." The quoted language was deleted by
St. 1973, c. 1114, § 46, effective July 1, 1974, the effective
date of Mass. R. Civ. P. 81 (b), and a reference to
G. L. c. § 49, § 5, relating to civil actions to obtain relief
formerly available by mandamus, was substituted. We
read the 1973 statute and the 1974 rule as affecting forms
of procedure but not the jurisdiction or powers of this
court with respect to actions in the nature of mandamus
or prohibition. Thus a civil action in the nature of prohi-
bition may still be brought in this court. See *Washburn*

v. *Phillips*, 2 Met. 296, 298-299 (1841). If the action seeks relief from a proceeding in any court other than this court or the Appeals Court, it may be transferred to the Appeals Court under G. L. c. 211, § 4A.

We do not regard it as appropriate to delegate our power of general superintendence to the Appeals Court or to a Justice of that court. In a number of cases a single justice of this court has first denied relief under G. L. c. 211, § 3, and then transferred the case to the Appeals Court. We think the single justice of this court may in a proper case exercise the power of general superintendence by allowing interlocutory review of a double jeopardy claim of substantial merit and then transfer the case to a single justice of the Appeals Court for decision on the merits of the double jeopardy claim. Compare the statutory procedure for interlocutory appeals under G. L. c. 278, § 28E. Alternatively, he may treat the case as an action to obtain relief formerly available by writ of prohibition and transfer it to a single justice of the Appeals Court for evaluation and decision. Where appellate review of a final judgment is entrusted to the Appeals Court, and interlocutory review of a ruling in the case is appropriate, transfer of the interlocutory review to that court may contribute to an orderly and expeditious disposition.

2. *Parties*. The defendant named the district attorney and the judges of the Superior Court as parties defendant in his action in this court. The judges moved to dismiss the complaint. In the brief filed on their behalf, the Attorney General argues that to require the judges to participate in an action of this kind is inappropriate. The naming of judicial defendants as parties follows some of our precedents. See, e.g., *Kennedy* v. *District Court of Dukes County*, 356 Mass. 367 (1969) (writ of certiorari); *Cronin* v. *Superior Court*, 253 Mass. 182 (1925) (writ of prohibition). A district attorney was named as a defendant in *Blaikie* v. *District Attorney for the Suffolk District*, 375 Mass. 569 (1978) (mandamus), *New England Tel. & Tel. Co.* v. *District Attorney for the Norfolk Dist.*, 374 Mass.

569 (1978) (declaratory judgment), and *P.B.I.C., Inc.* v. *District Attorney of Suffolk County,* 357 Mass. 770 (1970) (suit for injunction). It is more appropriate, where a plaintiff questions the action of a judge in his official capacity, that the proceeding run against the court on which the judge serves, rather than against the judges of that court. *Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass. 35 n.1 (1975). Where the true adverse party is not the judicial defendant but the adverse party in an underlying proceeding, the judicial defendant has been designated a nominal party. See *Soja* v. *T.P. Sampson Co.,* 373 Mass. 630, 632 n.2 (1977). In the instant case, as in *Costarelli* v. *Commonwealth,* 374 Mass. 677 (1978), the defendant seeks interlocutory review of the denial of a motion to dismiss a criminal prosecution on grounds of double jeopardy. See also *Thames* v. *Commonwealth,* 365 Mass. 477 (1974). It is clear that the Commonwealth, and not the Superior Court or its judges, is the adverse party, as in the *Costarelli* and *Thames* cases, and we so treat it. The district attorney is counsel rather than a party.

3. *Duplicitous complaints and double jeopardy.* Under G. L. c. 90, § 24G,[1] homicide by motor vehicle may be committed in any one of several ways. One is by negligently operating to endanger; another is by operating under the influence of intoxicating liquor. These two

---

[1] As inserted by St. 1976, c. 227: "Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle in violation of paragraph (*a*) of subdivision (1) of section twenty-four of chapter ninety, or so operates a motor vehicle recklessly or negligently so that the lives or safety of the public might be endangered, and by any such operation so described causes the death of another person shall be guilty of homicide by a motor vehicle and shall be punished . . . ."

General Laws c. 90, § 24(1)(*a*), as amended through St. 1971, c. 1071, § 4: "Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle while under the influence of intoxicating liquor, . . . shall be punished . . . ."

ways are different, but not mutually exclusive. Thus the defendant could have been charged with both in a single complaint, and he could have been convicted on proof of either or both. *Commonwealth* v. *Dowe*, 315 Mass. 217, 219-220 (1943), and cases cited. The Commonwealth could not have been required to choose between the two charges unless it was necessary for the protection of the substantial rights of the defendant. See *Commonwealth* v. *Slavski*, 245 Mass. 405, 411-413 (1923). After a conviction on both charges and appeal to the Superior Court, the case could have been retried on both.

Instead, the charges were separated into two complaints. The separation should not be allowed to prejudice the defendant. He could not be given consecutive sentences on duplicitous charges. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 307-309 (1972). *Commonwealth* v. *White (No. 2)*, 365 Mass. 307, 311 (1974), cert. denied, 419 U.S. 1111 (1975). *Commonwealth* v. *Coburn*, 5 Mass. App. Ct. 781, 782-783 (1977). *Commonwealth* v. *Xiarhos*, 2 Mass. App. Ct. 225, 227-228 (1974). Where the sentences are concurrent, on the other hand, we have refused to rule on claims of duplicity. *Commonwealth* v. *Grasso*, 375 Mass. 138, 140 (1978). *Commonwealth* v. *Berryman*, 359 Mass. 127, 131 (1971). See *United States* v. *Honneus*, 508 F.2d 566, 570 (1st Cir. 1974), cert. denied, 421 U.S. 948 (1975).

We recognize that the prohibition against double jeopardy in the Fifth Amendment to the Constitution of the United States is applicable to the States. *Benton* v. *Maryland*, 395 U.S. 784, 794 (1969). If the defendant had been acquitted on either complaint, the judgment of acquittal, however erroneous, would bar further prosecution on that complaint; and dismissal of either complaint after jeopardy attached would commonly have the same effect as acquittal. *Sanabria* v. *United States*, 437 U.S. 54, 63-69 (1978). Since the Commonwealth does not now contend that the defendant can be retried on the charge of motor vehicle homicide by operating under the influence, we need not consider whether some exception is applicable

to the dismissal of that charge. See *Lee* v. *United States*, 432 U.S. 23, 30-31 (1977) (dismissal in contemplation of second prosecution).

As to the charge of motor vehicle homicide by operating to endanger, however, it was clearly within the power of the District Court judge to anticipate what this court would do in the event of duplicitous sentences: dismiss one charge and affirm the sentence on the other. E.g., *Kuklis* v. *Commonwealth*, 361 Mass. 302, 309 (1972). By dismissing one charge and sentencing the defendant on the other, the judge accomplished exactly the same result. There were neither successive prosecutions nor multiple punishments. The sentence so imposed was valid, and would have been carried out without further proceedings if the defendant had not appealed. See *United States* v. *Jenkins*, 420 U.S. 358, 370 (1975). *Gallinaro* v. *Commonwealth*, 362 Mass. 728, 734-737 (1973), is not to the contrary; there one of two alternative punishments had been fully executed. If the District Court sentence was valid, retrial in the Superior Court Department on the defendant's appeal is not barred. *Ludwig* v. *Massachusetts*, 427 U.S. 618, 630-632 (1976).

4. *Disposition*. The motion of the judges of the Superior Court to dismiss the action as to them is allowed. The case is to be treated as a proceeding against the Commonwealth. The judgment of dismissal entered by the single justice of the Appeals Court is vacated. The case is remanded to the Supreme Judicial Court for the county of Suffolk, where a judgment is to be entered declaring that the proceedings in the District Court do not bar further prosecution of the defendant in the Superior Court Department on the complaint for motor vehicle homicide by negligently operating to endanger.

*So ordered.*