CUSTODY OF A MINOR (No. 1).

Worcester. October 9, 1981. — January 21, 1982.

Present: DREBEN, CUTTER, & SMITH, JJ.

*Jurisdiction*, Care and protection of minor, Juvenile Court. *Minor*, Care
   and protection.

General Laws c. 119, § 27, permits an appeal to a juvenile appeals session
   of the District Courts for a hearing de novo following a proceeding in a
   District Court under G. L. c. 119, § 26, for review and redetermina-
   tion of a minor's needs for care and protection. [66-69]

PETITION filed in the Fitchburg Division of the District
Court Department on March 27, 1980.

A motion to dismiss an appeal to a juvenile session of the
District Courts for the county of Worcester was heard by
*Manzi*, J.

*Allan R. Fierce* for the parents.

*Gerald J. Caruso*, Assistant Attorney General, for De-
partment of Social Services.

SMITH, J.   By its terms G. L. c. 119, § 27,[1] permits a de
novo appeal to a juvenile appeals session of a District Court
in two situations: (1) where a minor is adjudicated to be in
need of care and protection or (2) where there is an ad-
judication under G. L. c. 119, § 26, and an order of com-
mitment, either temporary or permanent.   A second type of
review is also provided by G. L. c. 119, § 26, which allows,

---

[1] General Laws c. 119, § 27, as appearing in St. 1978, c. 478, § 51, pro-
vides in pertinent part: "The child, parent, guardian or person appearing in
behalf of such child, or the department, may appeal from the adjudication
. . . and also may appeal at the time of the order of commitment, in which
events the entire case shall be before the court as if originally commenced
therein . . . ."   The amendment to § 27 effected by St. 1981, c. 715, § 1, is
not material to this case.

where there has been an adjudication or commitment, a parent or other interested party to petition the adjudicating court once every six months for a review and redetermination of the current needs of the child.[2] This action raises the question whether there is a right to a de novo appeal to a juvenile appeals session from an adverse decision rendered on a petition for review and redetermination of the current needs of the child.

We recount the background. In July, 1979, the minor was adjudged to be in need of care and protection and was committed to what is now the Department of Social Services (department). After the statutory waiting period the parents petitioned the adjudicating court for a review and redetermination of the minor's current needs.[3] After a hearing, a judge made findings and ordered that the original adjudication and commitment order remain in effect.[4] The parents appealed the decision to a juvenile appeals session, and the department filed a motion to dismiss the appeal. The motion was allowed on the ground that G. L. c. 119, §§ 26 and 27, do not provide a right of de novo appeal from an adverse finding on a petition for review and redetermination. The parents have appealed that decision, asserting that a redetermination under G. L. c. 119, § 26, is an adjudication and that, therefore, under the provisions of G. L. c. 119, § 27, a de novo appeal is permitted.

Both parties agree that there is a right of appeal from a decision on a petition for review and redetermination. The department asserts that the appeal is directly to the Appeals

---

[2] General Laws c. 119, § 26, as appearing in St. 1973, c. 1076, § 3, provides in pertinent part: "On any petition filed in any court pursuant to this section, the department, parents, person having legal custody of, or counsel for a child may petition the court not more than once every six months for a review and redetermination of the current needs of such child whose case has come before the court."

[3] The parents filed for a de novo appeal from the original adjudication and commitment (G. L. c. 119, § 27) but later withdrew that appeal.

[4] The judge modified the original order and permitted the parents to visit the minor on a monthly basis.

Court and is limited to matters of law and whether the judge's findings were warranted by the evidence. However, the department's position is weakened by its inability to point to any statute that gives the Appeals Court jurisdiction to hear such appeals. By G. L. c. 211A, § 10, jurisdiction is given to the Appeals Court to review determinations made in the Superior Court, the Land Court, the Probate Court and the District Court jury sessions.[5] There is no language in the statute that gives the Appeals Court jurisdiction to hear appeals from first instance District Court or juvenile sessions.

The parents contend that a de novo appeal is authorized to the juvenile appeals session under G. L. c. 119, § 27, because a "redetermination" under G. L. c. 119, § 26, is an "adjudication" for purposes of G. L. c. 119, § 27. Under the principles of statutory interpretation "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language." *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). "Adjudication" and "determination" are similar words.[6] The Supreme Judicial Court has used the words interchangeably. See *Custody of a Minor (No. 1)*, 377 Mass. 876, 877, 883, 884, 886 (1979), and *Custody of a Minor (No. 2)*, 378 Mass. 712, 713 (1979), where the court, in discussing G. L. c. 119, §§ 24 and 26, used the word "determination" where the statute used the word "adjudge."[7] The prefix "re-" used in the word "redetermination" in

[5] An appeal to the Appeals Court lies from a juvenile appeals session because G. L. c. 119, §§ 39I and 56, provide that a District Court jury session shall be designated as the juvenile appeals session.

[6] We note that one of the definitions for "adjudication" set forth in Black's Law Dictionary 39 (5th ed. 1979) is "[t]he equivalent of a 'determination'."

[7] The department suggests that the use of the article "the" prior to the word "adjudication" in the first sentence of G. L. c. 119, § 27, refers only to the original adjudication and, therefore, a de novo appeal does not lie from a decision on a petition for review and redetermination. The word "adjudication," however, is used again in the last sentence of § 27 without the use of the article "the".

G. L. c. 119, § 26, means "again: anew." Webster's Third New Intl. Dictionary 1888 (1971). Since the only prior determination under the statute is the adjudication itself, the Legislature was using the word "redetermination" in place of "readjudication."[8] Therefore, a decision on a petition for review and redetermination is an adjudication and a de novo appeal lies under G. L. c. 119, § 27. Our holding is in line with the policies and purposes of G. L. c. 119, as set out in § 1, and with judicial opinions which state that decisions in care and protection cases, because they involve the separation of parent and child, place "a sufficient burden on family integrity to make the determination deserving of added judicial attention." *Custody of a Minor (No. 1)*, 377 Mass. at 885.

The order allowing the motion to dismiss is reversed and the case is remanded to the juvenile appeals session for proceedings consistent with this opinion.

*So ordered.*

---

[8] On a de novo appeal, however, the appeal is only as to the petition for review and redetermination and not as to the original adjudication and therefore is limited to new or changed circumstances arising after the original adjudication.