Custody of a Minor (No. 2).

Suffolk. March 5, 1982. — June 7, 1982.

Present: Hennessey, C.J., Liacos, Lynch, & O'Connor, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Jurisdiction,*
Care and protection of minor. *Parent and Child,* Care and protection
of minor. *Statute,* Retroactive statute. *Minor,* Care and protection.

This court exercised its power under G. L. c. 211, § 3, to consider whether
under c. 119, § 27, the Department of Social Services has the right to
appeal from a finding by a District Court judge that a child is not in
need of care and protection. [461-463]
Under G. L. c. 119, § 27, the Department of Social Services may appeal
from a finding by a District Court judge that a child is not in need of
care and protection. [463]
The amendment to G. L. c. 119, § 27, providing that appeals from ad-
judications made pursuant to c. 119, § 26, shall be made to the Ap-
peals Court instead of to the juvenile session of the appropriate District
Court, was not applicable to proceedings in which the Department of
Social Services had claimed an appeal to the juvenile appeals session of
a District Court before the effective date of the amendment. [464-465]

Civil action commenced in the Supreme Judicial Court
for the county of Suffolk on January 8, 1982.

The case was heard by *Nolan, J.*

*Ned C. Lofton* for the parents.

*Scott A. Smith,* Assistant Attorney General, for Depart-
ment of Social Services.

Hennessey, C.J. In this case the parents of a minor child
appeal from the order of a single justice of this court dismiss-
ing a petition seeking extraordinary relief under G. L.
c. 211, § 3. The petition sought an order in the nature of a
writ of prohibition to prevent the juvenile appeals session of
the Barnstable Division of the District Court Department
from hearing an appeal under G. L. c. 119, § 27. Having

concluded that there was no error in the dismissal of the petition, we issued an order to that effect. This opinion is the "opinion to follow" referred to in that order.

In November, 1980, the Department of Social Services (Department) obtained from the Barnstable District Court an emergency order transferring to the Department the custody of the parents' minor child. See G. L. c. 119, § 24. Upon the application of the parents, a hearing on the merits was held. After ten full days of trial, the District Court judge, on December 31, 1981, found that the child was not in need of the care and protection of the Department, and ordered that the child be returned to the custody of the parents. The Department, however, obtained a stay of that order pending its appeal. Pursuant to G. L. c. 119, § 27, the Department filed a claim of appeal to the juvenile appeals session of the District Court. The record is incomplete and does not disclose the date the Department's claim of appeal was filed; however, all parties agree that it was filed prior to January 23, 1982. The parents then filed in this court a petition for relief pursuant to G. L. c. 211, § 3. A single justice of this court declined to act on the petition pending the parents' application to the juvenile appeals session for an order dismissing the Department's appeal. The parents moved before the juvenile appeals session to dismiss the Department's appeal, and that motion was denied. The parents then returned to this court in renewal of their petition under G. L. c. 211, § 3. They argued, as they argue now, that (1) G. L. c. 119, § 27, provides no right of appeal from a finding that a child is not in need of care and protection; (2) under G. L. c. 119, § 27, as appearing in St. 1981, c. 715, § 1, any appeal from the findings and order of the trial judge in a care and protection case should be to the Appeals Court; and (3) this court should exercise its power under G. L. c. 211, § 3, to vacate the stay and to dismiss the Department's appeal. The single justice denied the relief sought, and the parents appealed.

1. We first examine the issue whether this case is appropriate for interlocutory examination under G. L. c. 211,

§ 3. The parents characterize their complaint in the present case as a petition seeking relief in the nature of a writ of prohibition. Although Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), abolished the common law writs, it did not affect the jurisdiction or powers of this court with respect to actions of this nature. *Fadden* v. *Commonwealth*, 376 Mass. 604, 607 (1978), cert. denied, 440 U.S. 961 (1979). However, our authority under G. L. c. 211, § 3, "should be exercised only in exceptional circumstances, when necessary to protect substantive rights." *Cappadona* v. *Riverside 400 Function Room, Inc.*, 372 Mass. 167, 169 (1977), quoting from *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909, 909 (1975). Such exceptional circumstances do not exist when there is an adequate remedy by way of appeal. See *A Juvenile* v. *Commonwealth*, 375 Mass. 104, 106 (1978).

In the present case there is no adequate remedy by way of appeal. Review under G. L. c. 211, § 3, constitutes the only means by which the parents can obtain the relief they seek, the avoidance of a trial de novo. Cf. *A Juvenile* v. *Commonwealth (No. 1)*, 380 Mass. 552, 555-556 (1980). The juvenile appeals session of the District Court is not authorized to report care and protection cases. See Mass. R. Civ. P. 1, as appearing in 379 Mass. 929 (1980), and 64, 365 Mass. 831 (1974).[1] Cf. *A Juvenile* v. *Commonwealth*, 375 Mass. 104, 106 (1978). In addition, the normal appellate process might conceivably require two appeals before the rights of the parties are finally determined.[2] Moreover, during the pendency of those

---

[1] Rule 64 (d) of the Massachusetts District and Municipal Courts Rules of Civil Procedure (1975), which permits a District Court judge to report an interlocutory ruling to the appellate division, has no possible application here because the appellate division of the District Court does not have jurisdiction of appeals in care and protection proceedings. See G. L. c. 231, § 97.

[2] An appeal from the results of the trial de novo in the juvenile appeals session would be to the Appeals Court. See G. L. c. 211A, § 10; G. L. c. 119, §§ 39I and 56. See also *Custody of a Minor (No. 1)*, 13 Mass. App. Ct. 66, 68 n.5 (1982). If the Appeals Court were then to determine that the Department's original appeal should have been to the Appeals Court pursuant to G. L. c. 119, § 27, as appearing in St. 1981, c. 715, § 1, the original appeal would have to be relitigated in the Appeals Court.

proceedings the parents would be deprived of the custody of the child. Notwithstanding the inadequacy of the remedy by way of appeal, however, the relief sought by the parents was correctly denied, since there is little doubt that the District Court has jurisdiction of the case.

2. The parents' claim that G. L. c. 119, § 27, does not permit an appeal from a finding that a child is not in need of care and protection is without merit. Section 27 expressly provides that "[a] child, parent, guardian or person appearing in behalf of such child, *or the department*, may appeal from the adjudication of the court . . ." (emphasis added). General Laws c. 119, § 26, does not, as the parents contend, establish a definition of "adjudication" as only an adjudication that a child *is* in need of care and protection.[3] The ordinary and natural meaning of that word encompasses a determination that a child is *not* in need of care and protection, as well as a determination that he *is* in need of care and protection. . Cf. *Custody of a Minor*, 375 Mass. 733, 742-744 (1978) (under prior statute, the Superior Court had jurisdiction of an appeal from the dismissal by the District Court of a petition seeking a child's commitment to the custody of the Department). If the parents' contention were correct, the right of the Department to appeal under § 27 would be rendered practically meaningless, since the Department would rarely, if ever, be in a position to appeal a determination that a child is in need of care and protection.[4]

---

[3] The language of G. L. c. 119, § 26, as amended through St. 1978, c. 552, § 29, upon which the parents rely, states that "[i]f the court finds the allegations in the petition proved within the meaning of this chapter, it may adjudge that said child is in need of care and protection and may commit the child to the custody of the department . . . ." We observe, however, that § 26 also authorizes the court to "permit the child to remain with his parents."

[4] To be contrasted is G. L. c. 119, § 56, which allows a child who has been adjudged a delinquent to appeal the adjudication, but does not authorize the Commonwealth to appeal an adjudication that the child is not delinquent. The difference, of course, stems from the fact that delinquency proceedings are in many respects criminal in nature, whereas care and protection proceedings are purely civil in their nature.

3.  Statute 1981, c. 715, § 1, rewrote G. L. c. 119, § 27, to provide that appeals from adjudications made pursuant to G. L. c. 119, § 26, shall be made to the Appeals Court instead of to the juvenile appeals session of the appropriate District Court.  The amendment thus abolished the right to a trial de novo in the District Court.  Statute 1981, c. 715, was enacted on December 24, 1981.  In accordance with art. 48 of the Amendments to the Massachusetts Constitution, The Referendum, I and III, § 2, and G. L. c. 4, § 1, it became effective on January 23, 1982.  The parents contend that the statute is procedural and should therefore be applied retroactively to this case, see, e.g., *Goodwin Bros. Leasing, Inc.* v. *Nousis*, 373 Mass. 169, 173 (1977); *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914), and that, accordingly, the Department's appeal to the juvenile appeals session is improper.  Even assuming that the statute is properly characterized as procedural, however, it should not be applied retroactively to the extent urged here.  "[S]tatutes which are remedial or procedural should be deemed to apply retroactively to those pending cases which, on the effective date of the statute, have not yet gone beyond the procedural stage to which the statute pertains.  This approach gives the broadcast application to legislatively mandated procedural changes without subjecting each completed step in the course of a litigation to the uncertainty of possible future legislative changes." *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 628 (1974).  We think that the procedural stage to which St. 1981, c. 715, § 1, pertains is the claiming of an appeal.  The jurisdiction of the court to which the appeal is made is invoked at that time.  Rule 1A of the Interim Supplemental Rules of Appellate Procedure in Care and Protection Cases, approved by this court on February 11, 1982, is in accord with this approach.[5]  We therefore hold that the Depart-

---

[5] Rule 1A of the Interim Supplemental Rules of Appellate Procedure in Care and Protection Cases provides in part:  [A]ny appellate proceeding in which a timely claim of appeal has been filed in the appropriate court

ment's appeal from the adjudication of the District Court was properly made to the juvenile appeals session of the District Court.[6] Because the juvenile appeals session of the District Court has jurisdiction of this case, there was no error in dismissing the parents' petition in the nature of a writ of prohibition.

---

prior to January 23, 1982, shall proceed by means of a trial de novo, in accordance with procedures in effect prior to January 23, 1982."

[6] The parents' claim that the stay of the District Court judge's order should be vacated is apparently based solely on their argument that the Department has no authority to appeal a determination that a child is not in need of care and protection. Since that argument has been decided adversely to the parents, there was no error in refusing to vacate the stay.