CLIFFORD B. MOLLER *vs.* RENT CONTROL BOARD OF CAMBRIDGE; PAULA THOMPSON, intervener. June 8, 1987. *Rent Control,* Controlled rental unit.

In 1980 the rent control board of Cambridge initiated a "special case" to determine whether the five residential units at 58 Garden Street/20 Bond Street in Cambridge were subject to rent control. Following hearings before a hearing examiner in 1980 and 1981, the board found unit D to be exempt from rent control as new construction completed on or after January 1, 1969 (see St. 1976, c. 36, § 3 [b] [2] ), but that the other units (A, B, C, and E) were merely renovated apartments, not new construction, and were thus subject to rent control.

Moller, at that time the owner of all the units, appealed from the board's decision to the Third District Court of Eastern Middlesex pursuant to St. 1976, c. 36, § 10 (*a*) and (*b*), as in effect prior to St. 1985, c. 399, § 3. Moller also initiated a summary process action against the tenant in unit B (Thompson),[1] who was allowed to intervene in the District Court appeal.

---

[1] Moller did not first obtain a certificate of eviction from the board, as required by c. 36, § 9 (*b*), for controlled rental units, based on his claim that unit B was not subject to rent control.

At the consolidated trial of the two actions, Moller conceded that units A and C were subject to rent control but raised a contention not previously raised in the proceeding before the board: namely, that units B and E together constituted a two-family townhouse within the meaning of the Cambridge zoning ordinance and that, as he (Moller) lived in unit E, the townhouse was exempt from rent control as an owner-occupied, two-family dwelling. See c. 36, § 3 (b) (6). The District Court judge rejected that contention, ruling that units B and E were not a townhouse but apartments within a multiple-family dwelling. He also found that Moller was not a bona fide owner-occupant of unit E and that, instead, the purpose of his occupancy was to enable him to evict Thompson.

From judgments dismissing the summary process action and affirming the decision of the board in the "special case," Moller appealed to the Superior Court.[2] Moller's appeal in the summary process action was dismissed before hearing for reasons disputed but not now relevant. In the "special case" appeal, judgment was entered for Moller, based on the judge's acceptance of Moller's contention that the units were townhouses under the Cambridge zoning ordinance.

For reasons stated in *Chicago Title Insurance Co.* v. *Cambridge, ante* 285 (1987), we agree with the decision of the District Court judge that the residential units in question do not constitute a townhouse development under the Cambridge ordinance. The remaining issue (indeed, probably the only issue, since it is the only issue that was raised before the board) is whether units B and E are exempt from rent control as new construction within the meaning of St. 1976, c. 36, § 3 (b) (2). Although this question was not reached by the Superior Court judge, his review would properly have been confined to the record certified by the board (*Amari* v. *Rent Control Bd. of Cambridge*, 21 Mass. App. Ct. 598, 599-602 [1986] ), so remand would serve no purpose. The record has detailed findings by the hearing examiner, and the findings amply support the board's conclusion that units B and E are not new construction. The decision of the board must be affirmed.

The judgment is reversed, and a new judgment is to be entered affirming the decision of the board.

*So ordered.*

*Saul A. Schapiro* for Paula Thompson, intervener.
*Miles E. Hoisington* for the plaintiff.

---

[2] The 1985 statute referred to in the text eliminated the right of appeal from the District Court to the Superior Court, but the appeal was entered in the Superior Court on May 25, 1982, prior to the effective date of the 1985 amendment. Thus, the Superior Court had jurisdiction, although the case was not heard in that court until 1986. *Custody of a Minor (No. 2)*, 386 Mass. 460, 464-465 (1982).