JOHN R. HANLON *vs.* COMMONWEALTH. January 27, 1995. *Supreme Judicial Court*, Superintendence of inferior courts. *Constitutional Law*, Double jeopardy. *Practice, Criminal*, Double jeopardy, Transcript of evidence.

John R. Hanlon, whom we shall call the defendant, was tried before a jury in the Superior Court on two indictments charging him with forcible rape of a child under the age of sixteen, G. L. c. 265A, § 22A (1992 ed.), and three indictments charging him with assault with intent to rape a child under the age of sixteen, G. L. c. 265, § 24B (1992 ed.). At the conclusion of the Commonwealth's evidence, the trial judge granted the defendant's motion for a required finding of not guilty on one of the indictments charging assault with intent to rape a child under the age of sixteen. The remaining indictments were submitted to a jury for their consideration. The jury were unable to agree on a verdict on any charge, and a mistrial was declared. After the Commonwealth announced its intention to seek a retrial, the defendant moved to dismiss the indictments on the ground that the prosecution's evidence at the trial was legally insufficient to warrant his conviction on any charge. The judge assigned to preside at the retrial denied the motion to dismiss as well as the defendant's request for a stay of proceedings.

The defendant next sought relief before a single justice of this court by means of a petition under G. L. c. 211, § 3 (1992 ed.). The petition sought to stay proceedings in the Superior Court and the entry of findings of not guilty on all the indictments that the defendant would face at retrial. The petition was not accompanied by a trial transcript which was, and still is, unavailable. No effort was made by the defendant to prepare an adequate

substitute for the trial transcript such as an agreement as to the material evidence or a statement of the evidence framed in accordance with Mass. R. A. P. 8 (c), as amended, 378 Mass. 932 (1979). See *Commonwealth* v. *Woods, ante* 366, 371 (1995). The Commonwealth, however, furnished the single justice with a copy of the victim's testimony at the trial. After a hearing, the single justice denied the defendant's petition and request for a stay of proceedings. The defendant has appealed from the order of the single justice. We affirm.

A criminal defendant who raises a double jeopardy claim of substantial merit is entitled to review of the claim before he is retried. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). A request for review is made initially in the Superior Court and, if unsuccessful there, by means of a petition to a single justice pursuant to the provisions of G. L. c. 211, § 3. *Id. Fadden* v. *Commonwealth*, 376 Mass. 604, 606 (1978).

"The question before us is whether the single justice acted properly in denying the defendant's petition. The answer to that question depends on whether the record furnished the single justice with a basis to make an intelligent decision whether the Commonwealth had presented sufficient evidence to warrant submission of the case to the jury. If the record indicates that the Commonwealth did present sufficient evidence, the defendant's double jeopardy claim would necessarily lack merit, and the single justice's order would be correct" (footnote omitted). *Neverson* v. *Commonwealth*, 406 Mass. 174, 177 (1989).

The transcript of the victim's testimony furnished to the single justice by the Commonwealth provided a sufficient basis to evaluate the defendant's claim of double jeopardy. That testimony described at length, and in detail, various sexual assaults and attempted sexual assaults made by the defendant. Considering the evidence provided by the victim in the light most favorable to the Commonwealth, a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. See *Commonwealth* v. *Brown*, 401 Mass. 745, 747 (1988). From all that appeared in the defendant's petition for relief pursuant to G. L. c. 211, § 3, the defendant's conclusory arguments to the contrary were "in substance directed toward the weight and credibility of the evidence, a matter wholly within the province of the jury." *Commonwealth* v. *Martino*, 412 Mass. 267, 272 (1992). We are satisfied that the single justice responded to the double jeopardy claim as precisely put before him by the defendant and had an appropriate factual basis to resolve that claim.

*Order of the single justice affirmed.*

*Marshall E. Johnson* (*J. Albert Johnson* with him) for the defendant.
*John E. Bradley*, Assistant District Attorney, for the Commonwealth.