COMMONWEALTH *vs.* HERBERT F. BAKER. July 30, 1980. The Commonwealth appeals (G. L. c. 278, § 28E) from the dismissal of its amended complaint by a District Court judge. The sole issue is whether the amendment to the complaint was one of substance in violation of G. L. c. 277, § 35A (repealed by St. 1979, c. 344, § 35). See now Mass.R. Crim. P. 4(d), 378 Mass. 849 (1979). The original complaint alleged that the defendant, in Harwich, on October 6, 1977, "[d]id unlawfully carry on his person a dangerous weapon to wit: .32 Nickel Plated Pistol, in violation of G. L. Chap. 269, Sec. 10A amend." Prior to trial, the Commonwealth's motion to amend was allowed over the defendant's objection. The amended complaint read in pertinent part as follows: "[T]hat the defendant . . . did unlawfully carry on his person a firearm, as defined in [G. L. c. 140, § 121], to wit, a .32 caliber nickel plated pistol, without being licensed so to do, in violation of Chapter 269, Section 10(a), as amended." The defendant objected to the amendment on the ground that it was one of substance, not form, in violation of G. L. c. 277, § 35A. After the judge found the defendant guilty, the defendant applied to a single justice of the Supreme Judicial Court for a writ of error. The single justice dismissed the petition, ruling that the defendant should seek relief through a motion to dismiss before the judge who would preside over the trial de novo on appeal. On the appeal, the defendant's motion to dismiss was allowed.

We conclude that the amendment of the original complaint was merely one of form and did not prejudice the defendant in his defense. The test to be applied to determine whether an amendment is one of form or of substance is whether a judgment of conviction or acquittal on the indictment or complaint as originally drawn would be a bar to a new indictment or complaint in the form in which it stands after the amendment. *Commonwealth* v. *Snow*, 269 Mass. 598, 609-610 (1930). *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 748 (1961). Smith, Criminal Prac-

tice and Procedure § 359, at 191 (1970). Here, both the original and the amended complaints notified the defendant that he was charged with carrying a firearm (defined in G. L. c. 140, § 121, as amended through St. 1973, c. 892, § 1, as "a pistol . . . or other weapon . . . from which a shot or bullet can be discharged . . .") on his person and that he faced a mandatory jail sentence of one year if convicted. Both complaints characterized the defendant's carrying of the firearm as unlawful. The only difference between the complaints was the allegation in the amended complaint that the defendant was not licensed to carry a firearm. This amendment does not affect the question to be decided at trial. "Absence of a license [to carry a firearm] is not 'an element of the crime' . . . ." *Commonwealth* v. *Jones*, 372 Mass. 403, 406 (1977). See also *Commonwealth* v. *Walker*, 372 Mass. 411 (1977). Thus, the amendment neither added nor materially altered any element of the crime originally charged.

The order allowing the motion to dismiss is reversed.

*So ordered.*

*Gary A. Nickerson*, Assistant District Attorney, for the Commonwealth.
*David W. Woods, Jr.*, for the defendant.