COMMONWEALTH vs. WILLIAM M. DELLAMANO.

Plymouth. October 17, 1983. — November 30, 1983.

Present: HALE, C.J., DREBEN, & SMITH, JJ.

*Statute*, Severability. *Practice, Criminal*, Indictment, Amendment. *Motor Vehicle*, Theft.

In a criminal case in which a defendant indicted under G. L. c. 266, § 28(*a*), for obtaining a motor vehicle "knowing or having a good reason to know" that it had been stolen, moved to dismiss the indictment on the ground that the portion of the statute permitting conviction without proof of actual knowledge was unconstitutional, the judge did not err in denying the defendant's motion and in ordering amendment of the indictment to limit the charge to obtaining a motor vehicle knowing it to have been stolen. [158-159]

INDICTMENT found and returned in the Superior Court Department on June 23, 1981.

A motion to dismiss was heard by *Young, J.*, and the case was tried before him.

*Robert I. Warner* for the defendant.

*Robert S. Sinsheimer*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. The focus of this appeal is whether the trial judge, by eliminating a portion of an indictment which he recognized to be of dubious validity, impermissibly amended the indictment as to a matter of substance. See *Commonwealth* v. *Snow*, 269 Mass. 598, 606 (1930). We hold that the judge acted properly under Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979), and affirm the defendant's conviction under G. L. c. 266, § 28(*a*).

Prior to trial, the defendant moved to dismiss the indictment brought under G. L. c. 266, § 28(*a*).[1] He claimed

---

[1] As appearing in St. 1980, c. 463, § 4, § 28(*a*) reads: "Whoever steals, buys, receives, possesses, conceals, or obtains control of a motor vehicle or

the statute was unconstitutional in that it permits conviction of a person who "steals, buys, receives, possesses, conceals, or obtains control of a motor vehicle . . . having reason to know the same to have been stolen." The judge correctly perceived that a clause which permits the imposition of a severe penalty (as much as ten years in State prison) on a mere showing that a defendant had "reason to know" the vehicle to have been stolen raises serious due process concerns. See *Lambert* v. *California*, 355 U.S. 225, 228 (1957); *Commonwealth* v. *Buckley*, 354 Mass. 508, 510-512 (1968); *Commonwealth* v. *Crosscup*, 369 Mass. 228, 235 (1975); *Commonwealth* v. *Jackson*, 369 Mass. 904, 916 (1976); *Commonwealth* v. *Wallace*, 14 Mass. App. Ct. 358, 362-365 (1982). (The discussion of the "probability of knowledge standard" in notes 6 and 7 of *Commonwealth* v. *Crosscup, supra* at 235 & 236, is of particular relevance.)

To avoid these difficulties, the judge ruled (1) that he would charge the jury that in order to convict the defendant they had to find that the defendant actually knew the car was stolen, and (2) that the indictment would not be sent to the jury, but would be read to them by the clerk with the offending language deleted.[2]

The defendant claims that: (1) the judge erred in not dismissing the indictment because of the unconstitutionality of the statute, and (2) by amending the indictment the judge materially altered the process of the grand jury.

---

trailer, knowing *or having reason to know* the same to have been stolen, or whoever takes a motor vehicle without the authority of the owner and steals from it any of its parts or accessories, shall be punished by imprisonment in the state prison for not more than ten years or by imprisonment in jail or house of correction for not more than two and one-half years or by a fine of not more than ten thousand dollars, or both" (emphasis supplied). In rewriting § 28, St. 1980, c. 463, § 4, among other things, added the italicized words.

[2] The original indictment, in relevant part, charged that the defendant did "steal, buy, receive, possess, conceal or obtain control of a motor vehicle or trailer of the property of Donna Malone knowing *or having a good reason to know* the same to have been stolen" (emphasis supplied).

1. The flaw in the defendant's first argument is that he has not shown that the remaining portions of the statute under which he was indicted must fall even if a portion, added in 1980, is invalid. No claim can be made that the 1980 addition is "so connected to the rest that they are dependent on each other" or that "the valid part, if left alone, would . . . change the character of the . . . statute." *Commonwealth* v. *Petranich,* 183 Mass. 217, 220 (1903). "[W]here a statutory provision is unconstitutional, if it is in its nature separable from the other parts of the statute, so that they may well stand independently of it, and if there is no such connection between the valid and the invalid parts that the Legislature would not be expected to enact the valid part without the other, the statute will be held good, except in that part which is in conflict with the Constitution." *Ibid. Mayor of Boston* v. *Treasurer & Recr. Gen.,* 384 Mass. 718, 725 (1981). 2 Sands, Sutherland Statutory Construction § 44.04 (4th ed. 1973). Accordingly, we conclude that the words inserted by St. 1980, c. 463, § 4, even if offending, do not defeat the remainder of c. 266, § 28(*a*). See *Krupp* v. *Building Commr. of Newton,* 325 Mass. 686, 692 (1950).

2. Somewhat more plausible, but also without force, is the defendant's claim that the judge impermissibly interfered with the integrity of the grand jury by omitting from the petit jury's consideration the deleted portion of the indictment. Like the parties, we treat the action of the judge as equivalent to an amendment "upon his own motion," see Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979),[3] and recognize that no amendment to an indictment can be made as to a matter of substance. *Commonwealth* v. *Snow,* 269 Mass. at 606.

A test to ascertain if a change is a matter of substance is whether a judgment of conviction or acquittal on the indict-

---

[3] Rule 4(d) reads as follows: "Upon his own motion or the written motion of either party, a judge may allow amendment of the form of a complaint or indictment if such amendment would not prejudice the defendant or the Commonwealth."

ment as originally drawn would be a bar to the new indictment as amended. *Id.* at 609-610. *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 748 (1961). *Commonwealth* v. *Baker,* 10 Mass. App. Ct. 852 (1980). *Commonwealth* v. *Michaud,* 14 Mass. App. Ct. 471, 473 (1982), rev'd on other grounds, 389 Mass. 491 (1983). See also *Commonwealth* v. *Hobbs,* 385 Mass. 863, 870 n.8, 871 (1982). Contrary to the defendant's assertion, a judgment on the original indictment would be a bar to the indictment as amended. Where the statute disjunctively prescribes a kind of scienter, that is, knowing *or* having reason to know, each of which is alleged in the indictment (see note 2, *supra*), "then the Commonwealth may prove the violation of the statute by proof of [either] . . . and the defendant could not be prejudiced if the Commonwealth limited its proof" to one. *Commonwealth* v. *Martin,* 304 Mass. 320, 322 (1939). There is here but one offense. See *Commonwealth* v. *Dolan,* 121 Mass. 374 (1876); *Commonwealth* v. *Michaud,* 14 Mass. App. Ct. at 473.

The amendment did not broaden the charges, see *Stirone* v. *United States,* 361 U.S. 212, 215-216 (1960); cf. *Commonwealth* v. *Whitehead,* 379 Mass. 640, 646-650 (1980); nor did it present the defendant with issues he was not already prepared to meet. See *Russell* v. *United States,* 369 U.S. 749, 763-764 (1962). The deletion merely forced the Commonwealth to a more stringent standard. As stated in *Commonwealth* v. *DiStasio,* 294 Mass. 273, 278 (1936), cert. denied, 302 U.S. 683 (1937), "The amendment did not change the substance of the crime charged, but restricted the Commonwealth in its proof, to the advantage of the defendant, in much the same way as might have been done by specifications."

*Judgment affirmed.*