## Commonwealth vs. Angel Ruidiaz.

No. 04-P-1112.

Norfolk. October 6, 2005. - January 30, 2006.

Present: Greenberg, Beck, & Mills, JJ.

*Robbery. Armed Assault with Intent to Rob. Practice, Criminal,* Amendment of indictment or complaint. *Evidence,* Alibi. *Witness,* Impeachment.

A Superior Court judge erred in allowing the Commonwealth's motion to amend an indictment, where the amendment was one of substance in that it added an essential element of the offense, in violation of Mass.R.Crim.P. 4(d). [463-464]

The judge at a criminal trial did not abuse his discretion in permitting the prosecutor to impeach the testimony of an alibi witness for the codefendant by asking about her failure to bring exculpatory information to the police, where the prosecutor established a sufficient foundation for this line of questioning. [464-465]

Indictments found and returned in the Superior Court Department on January 23, 2002.

The cases were tried before *John C. Cratsley*, J.

*Aziz Safar* for the defendant.

*Varsha Kukafka*, Assistant District Attorney, for the Commonwealth.

Mills, J. A grand jury issued a twenty-six count indictment charging the defendant with twelve counts of armed robbery while masked, four counts of armed assault with intent to rob a person over sixty years of age, G. L. c. 265, § 18(*a*) (the "age sixty" counts), and ten counts of armed assault with intent to rob. The charges arose out of a single event in Dedham during which the defendant and five or six others commandeered a tour bus carrying passengers to Foxwoods Casino in Connecticut. A Superior Court jury convicted the defendant of

twenty counts, including four age sixty counts.[1] The defendant claims error in the amendment of one of the age sixty counts, and evidentiary error during cross-examination of one of the codefendant's alibi witnesses.

a. *Amendment.* Prior to jury empanelment, the Commonwealth sought to amend one of the counts, number thirteen, which charged the defendant with armed assault with intent to rob. The victim in that count was over sixty years of age, but the words "a person over sixty years of age" were not included in the indictment. All of the other counts as to the defendant and a codefendant were identical, and the counts in their indictments were grouped sequentially according to the crime: counts one through twelve, armed robbery while masked; counts fourteen through seventeen, armed assault with intent to rob a person over sixty; and counts eighteen through twenty-six, armed assault with intent to rob. Only count thirteen as to this defendant contained a discrepancy: the codefendant's indictment on count thirteen included the "over sixty" language, while the defendant's indictment on count thirteen did not. For this reason, and because all the defendant's indictments from numbers fourteen through seventeen included the language "a person over sixty years of age," the judge allowed the amendment, noting that "it's obvious to me in reading the indictments that 013 in the [defendant's] group does not have the words 'a person over 60,' and 013 in the [codefendant's] group does have it for [that victim]. It seems to me it is a clerical error . . . ."

Rule 4(d) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 849 (1979), provides that "[u]pon his own motion or the written motion of either party, a judge may allow amendment of the form of a complaint or indictment if such amendment would not prejudice the defendant or the Commonwealth." Under the rule, "the amendment must be a matter of form and not a matter of substance." See *Commonwealth* v. *Knight*, 437 Mass. 487, 491 (2002). "Matters of form are those that are 'not essential to the description of the crime charged.' " *Id.* at 492, quoting from *Commonwealth* v. *Snow*, 269 Mass. 598, 606

---

[1] A codefendant was similarly convicted, i.e., on an identical twenty-six count indictment, as to the same twenty counts.

(1930). The amendment here added an essential element of the offense and, thus, was a matter of substance. See *Commonwealth v. Snow, supra; Commonwealth* v. *Jervis,* 368 Mass. 638, 643 (1975), and cases cited.

We are mindful that *Commonwealth* v. *Snow, supra,* and many subsequent cases, see, e.g., *Commonwealth* v. *DiStasio,* 294 Mass. 273, 277-278 (1936), cert. denied, 302 U.S. 759 (1937); *Commonwealth* v. *Binkiewicz,* 342 Mass. 740, 748 (1961); *Commonwealth* v. *Murphy,* 415 Mass. 161, 165 (1993); *Commonwealth* v. *Dellamano,* 17 Mass. App. Ct. 156, 158 (1983), *S.C.,* 393 Mass. 132 (1984); *Commonwealth* v. *Saylor,* 27 Mass. App. Ct. 117, 121 (1989), have utilized a double jeopardy test in analyzing amendments as to form, as opposed to substance, inquiring "whether a judgment of conviction or acquittal on the indictment as originally drawn would be a bar to the new indictment as amended." *Commonwealth* v. *Dellamano,* 17 Mass. App. Ct. at 158-159. See *Commonwealth* v. *Miranda,* 441 Mass. 783, 788 n.8 (2004). In some cases the court has identified the test as *"one* test," see, e.g., *Commonwealth* v. *Snow, supra* at 609-610; *Commonwealth* v. *Knight, supra* at 492-493, and at other times, *"the* test," see, e.g., *Commonwealth* v. *Murphy, supra* at 165. Where the amendment here added an essential element of the offense, it was one of substance even though it may arguably pass the double jeopardy test.

There are additional reasons why the amendment of the indictment was error. Such amendments are not authorized with respect to matters "essential to the description of the crime charged," *Commonwealth* v. *Snow, supra* at 606. An amendment may not "materially change the work of the grand jury," *Commonwealth* v. *Miranda,* 441 Mass. 783, 787 (2004), quoting from *Commonwealth* v. *Knight, supra* at 492, and citing art. 12 of the Massachusetts Declaration of Rights. Finally, an amendment may not broaden the charges against a defendant, *Commonwealth* v. *Dellamano, supra* at 159, citing *Stirone* v. *United States,* 361 U.S. 212, 215-216 (1960). The amendment here fails each of these requirements.

b. *Impeachment of the codefendant's alibi witness.* The defendant's remaining issue on appeal, framed by him as two

issues, concerns the prosecutor's questioning of an alibi witness of the codefendant. The prosecutor asked whether the codefendant or his attorney had instructed the witness not to come forward with the alibi information. The defendant argues, first, that the prosecutor elicited hearsay and, second, that the prosecutor invaded work product.

There was no error. Our decisions grant judges discretion to allow a prosecutor to impeach an alibi witness with her failure to bring exculpatory information to the police. See *Commonwealth* v. *Gregory*, 401 Mass. 437, 444-445 (1988); *Commonwealth* v. *Cintron*, 435 Mass. 509, 522-525 (2001); *Commonwealth* v. *Brown*, 11 Mass. App. Ct. 288, 296-297 (1981). To conduct such impeachment properly, the prosecutor must establish a foundation for his questions by eliciting testimony that "the witness knew of the charge against the defendant in sufficient detail to realize he possessed exculpatory information; that the witness had a reason to make the information available; that the witness was familiar with the means of reporting it to authorities; and that neither the defendant nor his lawyer asked the witness to refrain from disclosing the information." *Commonwealth* v. *Cintron, supra* at 522. The prosecutor here established a sufficient foundation for impeaching the witness, and the judge did not abuse his discretion in admitting the testimony. See *ibid.*

The judgment and verdict on count thirteen of the indictment are modified to show a conviction of armed assault with intent to rob, and the case is remanded for resentencing upon that offense. The judgments are otherwise affirmed.

*So ordered.*