COMMONWEALTH *vs.* GERARD P. WILLIAMS.

No. 08-P-228.

Barnstable. November 10, 2008. - March 20, 2009.

Present: LENK, MEADE, & FECTEAU, JJ.

*Motor Vehicle,* Homicide, Operating to endanger, Operating under the influence. *Practice, Criminal,* Amendment of indictment or complaint, Lesser included offense, Bill of particulars.

At the trial of a complaint charging the defendant with, inter alia, operating a motor vehicle so as to endanger, in violation of G. L. c. 90, § 24(2)(*a*), the judge was without authority to amend that count by adding additional elements in order to find the defendant guilty of misdemeanor motor vehicle homicide by negligent operation so as to endanger, under G. L. c. 90, § 24G(*b*), where the amendment was one of substance rather than form, as the new charge had a maximum sentence more severe than the original charge, and the amendment added an element not required under the original charge but essential to the amended charge, i.e., operation causing the death of another. [836-838]

At the trial of a complaint charging the defendant with, inter alia, misdemeanor vehicular homicide by operating while under the influence of intoxicating liquor, in violation of G. L. c. 90, § 24G(*b*), the judge did not err in denying the Commonwealth's posttrial motion to amend that count to reflect his finding of guilt of motor vehicle homicide by negligent operation under the same statute, where the amendment sought by the Commonwealth was an impermissible amendment of substance, as the two forms of vehicular homicide were separate offenses and neither was a lesser included offense of the other [838-841]; the allegation of homicide by negligent operation was neither expressed nor implied in the complaint [841-842]; and the complaint had not been constructively amended, either by the bill of particulars [842-843] or by the conduct of the trial [843-844], to accuse the defendant of motor vehicle homicide by negligent operation.

COMPLAINT received and sworn to in the Barnstable Division of the District Court Department on November 16, 2006.

The case was heard by *Don L. Carpenter,* J., and postverdict motions to amend the complaint or, in the alternative, to correct a clerical error were heard by him.

*J. Thomas Kirkman,* Assistant District Attorney, for the Commonwealth.

*Russell J. Redgate* for the defendant.

FECTEAU, J. These are cross appeals following a trial without jury in the District Court on a three-count complaint charging the defendant with misdemeanor vehicular homicide by operation while under the influence of intoxicating liquor (OUI) (G. L. c. 90, § 24G[*b*]),[1] operating a motor vehicle so as to endanger (G. L. c. 90, § 24[2][*a*]), and a civil motor vehicle infraction for failure to yield at an intersection (G. L. c. 89, § 8). The parties' claims essentially question whether the trial judge could lawfully find the defendant guilty of misdemeanor motor vehicle homicide by negligent operation so as to endanger (also under G. L. c. 90, § 24G[*b*]) and later amend the complaint to reflect that finding. We find merit in the defendant's claim that the judge was without authority to amend the count of operating to endanger by adding the additional elements of the motor vehicle homicide statute. We reject the Commonwealth's separate claim that the judge erred when denying the Commonwealth's posttrial motion to amend the count charging motor vehicle homicide by OUI to allege vehicular homicide by negligent operation. Therefore, we reverse in part, affirm in part, and remand for resentencing.

*Background.* On November 15, 2006, at approximately 5:30 P.M., the defendant was involved in a fatal collision occurring on Route 28 in West Yarmouth at the intersection with Traders Lane, involving his automobile and a motorcycle being operated by one William Armstrong. When responding officers arrived, they observed the car stopped halfway across Route 28, and the motorcycle lying on Route 28 with its operator beneath the engine compartment of the car. Armstrong died minutes after the collision due to the injuries he suffered.

The defendant told police that he was coming from a golf course, intending to turn left from Traders Lane onto Route 28 and travel eastbound to visit a friend; he also said that he had not seen the motorcycle. He admitted that he had consumed two

[1] Count 1 of the complaint alleged that "on November 15, 2006 [the defendant] did operate a motor vehicle upon a way, as defined in G. L. c. 90, § 1, . . . with a percentage, by weight, of alcohol in his or her blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, and by such operation did cause the death of another person, November 15, 2006, in violation of G. L. c. 90, § 24G(*b*)."

beers between 4:00 and 5:00 P.M. — but did not believe they affected his ability to drive — and that he had nothing to drink since the accident. Because the officer detected a moderate odor of alcohol on the defendant's breath and was not satisfied with the defendant's performance of field sobriety tests, he arrested the defendant and cited him for motor vehicle homicide by OUI, operating a motor vehicle so as to endanger, and a civil infraction for failure to yield at an intersection. A complaint was thereafter issued.

Further investigation revealed only some incomplete eyewitness observations of the vehicles prior to the critical moments before impact. The evidence appears undisputed that the defendant had pulled out onto Route 28 from his halted position on the intersecting way, and then stopped, blocking the westbound side of Route 28, apparently in order to await an opportunity to move into eastbound traffic.

Testimony from accident reconstruction experts for both parties seemed to disagree on two main issues: (1) at what distance the defendant would have been able to see the motorcycle's approach, 140 feet or 160 feet, and (2) the motorcycle's speed, calculated from skid marks on the road to be either 29 or 46 miles per hour. While suggesting that the defendant could have avoided the accident, the Commonwealth's expert conceded that there was sufficient time and distance for the deceased to have avoided the accident. The defendant also offered testimony that the decedent was under the influence of marijuana.

At the conclusion of the trial, the judge found two causes for the decedent's death: the decedent's own speed and the defendant's negligence in entering the "intersection when both lanes were not clear to do so" on a night with "rain, some fog, [and] limited visibility." He found the defendant not guilty of count 1, motor vehicle homicide by OUI; guilty of count 2, operating to endanger; and not responsible of count 3, failure to yield at an intersection. He also found "the defendant guilty of vehicular homicide by negligent operation."

The clerk, confronted with a three-count complaint not alleging this form of vehicular homicide, and apparently without direction from the judge, first simply announced the judge's findings without allocating them to particular counts. The judge

sentenced the defendant to a one-year term in the house of correction, suspended for three years, during which he was placed on probation with certain conditions, as well as being ordered to pay a fine of $2,000 and a surfine.

Later, the clerk caused the docket to show a new count in this complaint (count 4) to reflect the judge's guilty finding of motor vehicle homicide by negligent operation. Following that action, the Commonwealth filed a motion to correct the docket, apparently recognizing a problem with the way the findings were recorded, and filed a motion for the judge to amend count 1 to better accommodate the charge on which he found the defendant guilty; a hearing on that combined motion was conducted one week later on December 19, 2007. While the judge appears to have recognized the impropriety of adding a count to the complaint after trial, he denied the Commonwealth's request, instead deciding to order an amendment to count 2, which alleged a violation of G. L. c. 90, § 24(2)(a), for operating to endanger, and of which the defendant had already been convicted, adding: "and by such operation did cause the death of another person (violation of [G. L. c.] 90, § 24G[b])." The judge also wrote on the complaint that the "amendment is deemed an amendment of form rather than substance because of the bill of particulars which notified the defendant he was being tried under both theories of motor vehicle homicide."

*Discussion.* 1. *The defendant's appeal.* The defendant argues prejudicial error by the amendment of count 2 of the complaint, which had alleged simple operation of a motor vehicle so as to endanger, under the provisions of G. L. c. 90, § 24(2)(a). See, e.g., *Commonwealth* v. *Sitko*, 372 Mass. 305, 307-308 (1977). We conclude that the change was one of substance rather than form because (1) the newly included statute, G. L. c. 90, § 24G(b), has a maximum sentence more severe than under the original charge, and (2) the amendment added an element not required under the original charge, but essential to the amended charge of motor vehicle homicide by negligent operation so as to endanger: specifically, operation causing the death of another. Article 12 of the Massachusetts Declaration of Rights states that "no subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him."

General Laws c. 263, § 4, as amended through St. 2000, c. 159, § 292, states that "[n]o person shall be held to answer in any court for an alleged crime, except upon an indictment by a grand jury or upon a complaint . . . ." Rule 4(a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 849 (1979), requires that a complaint contain "a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." A charge must appear with "sufficient clarity . . . to enable the accused to know the nature and cause of the accusation against him, to prepare an adequate defense, and to plead an acquittal or conviction in bar of future prosecution for the same offense." *Commonwealth* v. *Donoghue*, 23 Mass. App. Ct. 103, 110 (1986), cert. denied, 481 U.S. 1022 (1987).

"Indictments and complaints are subject to amendment as to form, if without prejudice to the defendant, but not as to substance. See Mass.R.Crim.P. 4(d), 378 Mass. 849 (1979)." *Commonwealth* v. *Bynoe*, 49 Mass. App. Ct. 687, 691 (2000). Here, we first note that amending count 2 prejudiced the defendant by exposing him to an increased penalty from that of the originally charged offense of operating to endanger. The statutory maximum sentence allowable for operating to endanger is two years in the house of correction, while the maximum sentence for misdemeanor motor vehicle homicide is two and one-half years. See *Commonwealth* v. *Miranda*, 441 Mass. 783, 788 (2004) (amendment may not alter nature of charge or jeopardy faced). See also *Commonwealth* v. *Souza*, 42 Mass. App. Ct. 186, 192 n.5 (1997) ("[p]rejudice . . . could result if . . . a greater penalty attached to the amended charge . . .").

Second, the causation of death, while not an element required under the operating to endanger statute, is an essential and necessary element of vehicular homicide by negligent operation. See *Commonwealth* v. *Diaz*, 19 Mass. App. Ct. 29, 36-37 (1984). By adding an element to the crime charged, the amendment effected a change of substance, not form. See *Commonwealth* v. *Ruidiaz*, 65 Mass. App. Ct. 462, 463-464 (2006). See also *Commonwealth* v. *Miranda, supra*; *Commonwealth* v. *Baker*, 10 Mass. App. Ct. 852, 853 (1980) (amendment of form where it "neither added nor materially altered any element of the crime originally charged"). It is this aggravating factor, i.e., death resulting, that distinguishes

the motor vehicle homicide from the offense of operating to endanger. Thus, operating to endanger is a lesser included offense of vehicular homicide by negligent operation. See *Commonwealth* v. *Constantino*, 443 Mass. 521, 526 (2005) ("Unlike the motor vehicle homicide statute [G. L. c. 90, § 24G], which proscribes causing death and not the operation of the vehicle, under the lesser included offense of G. L. c. 90, § 24[2][*a*], it is the operation of the vehicle itself that is the crime"). While cases have often employed a double jeopardy test to analyze whether amendments are of form or substance (see, e.g., *Commonwealth* v. *Snow*, 269 Mass. 598 [1930][2]), as noted in *Commonwealth* v. *Ruidiaz, supra* at 464, "[w]here the amendment here added an essential element of the offense, it was one of substance even though it may arguably pass the double jeopardy test." Therefore, it was error to amend count 2.[3]

2. *The Commonwealth's claim of appeal.*[4] The Commonwealth contends that the judge erred in refusing to amend count 1 to reflect his finding of guilt of vehicular homicide by negligent operation. We disagree. Since the allegation was neither expressed nor implied in the complaint, and because the complaint was not constructively amended to accuse the defendant of motor vehicle homicide by negligent operation, it was not error to deny an amendment of the complaint to conform to this allegation. The two offenses in question, appearing within G. L. c. 90, § 24G(*b*), are separate, and the defendant was charged only for vehicular homicide by OUI; the bill of particulars could not expand that charge to another offense, even if under the same

---

[2]"One test to determine whether the change made was material is whether judgment of conviction or acquittal on the indictment as drawn would be a bar to a new indictment drawn in the form in which it stood after the amendment. . . . [If not,] the change wrought in the indictment was one of substance and not of form." *Commonwealth* v. *Snow*, 269 Mass. at 609-610.

[3]Indeed, as the Commonwealth candidly notes in its brief, "There seems to be no authority supporting the trial court's amendment of the second count of this complaint."

[4]The discussion which follows is not intended as an expression that the Commonwealth has a right to appeal under these circumstances, where the count it sought to amend had already been the subject of an acquittal. The threshold appealability issue was not raised by the parties. We choose to discuss the merits of the Commonwealth's appeal as the matter was fully briefed by the parties and due to its close relation to the issue raised in the defendant's appeal.

statute. The question here is whether, as the Commonwealth seems to assert, an allegation of only one of the forms of misdemeanor motor vehicle homicide lawfully encompasses all forms or, as the defendant contends, whether these forms of offense are separate and require distinct allegations. If the Commonwealth is correct, then prosecution on a complaint for any form must operate as a bar to additional prosecution on any other form; on the other hand, if the defendant's position is the legally correct one, the prosecution as to one form would not bar prosecution under another.

a. *Separate offenses under G. L. c. 90, § 24G(b).*[5] First, the Commonwealth rightly concedes that neither one of the two forms of misdemeanor vehicular homicide at issue here is a lesser included offense of the other, while recognizing that either could be a lesser included offense of the felony version, as set forth in G. L. c. 90, § 24G(*a*) (not charged here), in which both negligent operation and operation while under the influence are conjunctively required. "[A]s matter of law, [a] defendant's convictions of operating under the influence of an intoxicating substance . . . and operating to endanger . . . are duplicative of [a] defendant's conviction of felony vehicular homicide." *Commonwealth* v. *Reynolds*, 67 Mass. App. Ct. 215, 224 (2006), citing *Commonwealth* v. *Jones*, 382 Mass. 387, 394-395 (1981).

Second, notwithstanding that the forms of misdemeanor vehicular homicide are found within the same statutory section, they present separate offenses. As the Supreme Judicial Court ob-

---

[5]General Laws c. 90, § 24G(*b*), as amended through St. 2003, c. 28, § 22, reads in relevant part:

> "Whoever, upon any way or in any place to which the public has a right of access or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, or of marihuana, narcotic drugs, depressants or stimulant substances, all as defined in section one of chapter ninety-four C, or the vapors of glue, or whoever operates a motor vehicle recklessly or negligently so that the lives or safety of the public might be endangered and by any such operation causes the death of another person, shall be guilty of homicide by a motor vehicle and shall be punished . . . . ."

served in connection with the prior version of § 24G(*b*),[6] "homicide by motor vehicle may be committed in any one of three ways. The defendant may cause a death by operating under the influence of intoxicating liquor[7]; by operating negligently; or by operating recklessly. The three ways are stated disjunctively and create separate and independent grounds for prosecution." *Commonwealth* v. *Jones*, 382 Mass. at 389, citing *Fadden* v. *Commonwealth*, 376 Mass. 604, 609-610 (1978), cert. denied, 440 U.S. 961 (1979), in which the defendant was charged in separate complaints for the same two forms of motor vehicle homicide at issue in the case at bar. "These two ways [of vehicular homicide] are different, but not mutually exclusive. Thus the defendant could have been charged with both in a single complaint, and he could have been convicted on proof of either or both." *Fadden* v. *Commonwealth, supra.*[8] In another case under the prior version of § 24G(*b*), we noted that "separate complaints charged [the defendant] with (a) driving to endanger, (b) driving under the influence of liquor, and (c) vehicular homicide. The jury found him guilty of each charge. . . . It may be that the separate convictions for each of two different lesser offenses, together with the fact of the ensuing death of another person, resulted in two separate violations of G. L. c. 90, § 24G, inserted by St. 1976, c. 227. See *Fadden* v. *Commonwealth*, 376 Mass. 604, 610-611 (1978)." (Footnote omitted.) *Commonwealth* v. *Atencio*, 12 Mass. App. Ct. 747, 752-753 (1981).[9]

Given that the two forms of vehicular homicide at issue here

---

[6]See G. L. c. 90, § 24G, as appearing in St. 1976, c. 227. This prior version of § 24G did not contain lettered sections, and only concerned misdemeanor vehicular homicide. Prior § 24G thus corresponds to current § 24G(*b*), which came into being on September 1, 1982. See St. 1982, c. 373, §§ 9, 20.

[7]We note that in 2003, the statute was amended to include operating with a by-weight blood alcohol percentage of eight one-hundredths or more. See St. 2003, c. 28, § 22.

[8]This is not to suggest that the concerns expressed by the *Fadden* court about duplicative sentences in the event of multiple convictions arising out of a singular vehicular homicide will not continue to be a necessary consideration for the trial court.

[9]Of course, due to the conviction of the greater offense in *Atencio*, we ordered the dismissal of the two lesser offenses as duplicative, relying on *Commonwealth* v. *Jones*, 382 Mass. at 395-397.

are separate offenses,[10] an acquittal or conviction of one form would not bar a prosecution that charged the other form. See *Fadden* v. *Commonwealth*, 376 Mass. at 609-611 (a dismissal after trial in District Court of a complaint charging motor vehicle homicide by OUI did not bar a retrial in Superior Court of the other complaint, charging vehicular homicide by negligent operation, arising from the same event). The defendant's acquittal of the charge as written, i.e., motor vehicle homicide by OUI, would not bar a trial and conviction of vehicular homicide by negligence.[11,12] The amendment sought by the Commonwealth thus was an impermissible amendment of substance because it did not satisfy the double jeopardy test, see *Commonwealth* v. *Bynoe*, 49 Mass. App. Ct. at 691 ("[I]f an acquittal on the original charge would not bar prosecution on the amended charge, the amendment was one of substance").

b. *Reference to the statute in the complaint.* For reasons explained above, the complaint in question was not sufficient to accuse the defendant of motor vehicle homicide by negligent operation. Moreover, the Commonwealth's reliance upon *Commonwealth* v. *Martin*, 304 Mass. 320, 322 (1939), is misplaced. While that case states that "[w]here the statute disjunctively prescribes several acts in a series of acts, all of which are alleged in the complaint, then the Commonwealth may prove the violation of the statute by proof of the performance by the defendant of any one of the said acts," *ibid.*, the Commonwealth glosses over the fact that the complaint there had alleged all of the disjunctive forms in which the offense could be committed. " 'Where a crime can be committed in any one of several ways,

---

[10]We do not express any view on whether the two forms of alcohol-related operation, see note 7, *supra*, and accompanying text, may properly serve as grounds for separate charges of misdemeanor motor vehicle homicide.

[11]This is in accord with and analogous to a double jeopardy analysis involving the lesser included offenses upon which the misdemeanor forms of vehicular homicide are based, namely, operating under the influence and operating so as to endanger; an acquittal or conviction on one of these two lesser charges would not bar a prosecution of the other arising from the same event. See *Commonwealth* v. *Riley*, 41 Mass. App. Ct. 234, 234 n.1 (1995).

[12]However, the defendant's conviction of operating to endanger, which we reinstate, would bar a subsequent prosecution for vehicular homicide by negligent operation, because the former crime is a lesser included offense of the latter. See *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 284 (1994).

an indictment properly charges its commission in all those ways, using the conjunction "and" in joining them.' *Commonwealth* v. *Dowe*, 315 Mass. 217, 219-220 (1943). Therefore, the Commonwealth was correct in charging [the defendant] with having all of the intents proscribed by G. L. c. 268A, § 2(*a*). In order to prove [the defendant] guilty, however, the Commonwealth only needed to show that he had one of the prohibited intents." *Commonwealth* v. *Murphy*, 415 Mass. 161, 164 (1993). That was not the case here, however, as the complaint in question alleged only one of the ways in which the defendant could have violated the statute.

The Commonwealth also argues that the complaint sufficiently alleged all forms of the offense because the complaint had specifically referenced the statute under which the case was charged. However, a reading of the complaint (see note 1, *supra*), employing language that the offense alleged and described by the text, i.e., motor vehicle homicide by OUI, was "in violation of" the referenced statute, shows otherwise. See *Commonwealth* v. *Lovett*, 374 Mass. 394, 399 (1978) ("The fact that the complaint contained the phrase 'in vio[lation] of . . .' is not determinative . . . as to the offense alleged thereby. The text of the allegation determines the nature of the complaint").[13]

Thus, the judge correctly denied the Commonwealth's posttrial and postacquittal proposal to amend count 1 to add vehicular homicide by negligence, as such an allegation was neither included nor implied in the complaint and would constitute an amendment of substance.

c. *Constructive amendment.* Notwithstanding that the complaint did not refer to vehicular homicide by negligent

---

[13]Additionally, "there is no support for the proposition that mere reference in a caption to the specific statutory violation charged can fill material gaps in the description of the offense in the body of an indictment. . . . To the contrary, Mass.R.Crim.P. 4(a), 378 Mass. 849 (1979), provides that '[a]n indictment and a complaint shall contain a caption provided by law, *together* with a plain, concise description of the act which constitutes the crime . . .' (emphasis supplied). . . . Even if the defendant had actual notice of the charge by virtue of a statutory reference in the caption, the indictment would still be defective if it did not describe a violation of the law in its body." *Commonwealth* v. *Fernandes*, 46 Mass. App. Ct. 455, 464 (Brown, J., dissenting), *S.C.*, 430 Mass. 517 (1999), cert. denied sub nom. *Martinez* v. *Massachusetts*, 530 U.S. 1281 (2000).

operation, the Commonwealth contends that the defendant had received notice of the charge through a bill of particulars and that he understood that the prosecution's theory included, and the judge would conduct the trial under, alternative grounds of the charging statute. The Commonwealth posits that the defendant also defended the case accordingly and was not unfairly surprised or prejudiced by a "constructive amendment"[14] of the complaint. For support, the Commonwealth points to trial counsel's candid concession, when the trial judge asked in the hearing that followed the trial, that he was under the impression, perhaps mistaken, that both theories of vehicular homicide were at issue.

(1) *The bill of particulars.* "The bill of particulars will set out in detail that which is included in the allegations of an indictment. *Commonwealth* v. *Hayes*, 311 Mass. 21, 25 (1942). It cannot, however, 'enlarge the scope of an indictment to include an offense not charged therein.' *Commonwealth* v. *Ries*, 337 Mass. 565, 580 (1958). We do not think it the function of a bill of particulars to supply a defendant with the knowledge of an element essential to the crime with which he has been charged. 'Its only purpose is to specify more particularly the acts constituting the offense.' *Commonwealth* v. *Kelley*, 184 Mass. 320, 324 (1903)." *Commonwealth* v. *Burns*, 8 Mass. App. Ct. 194, 198 (1979). The bill of particulars here could not have had the effect urged by the Commonwealth.

(2) *Conduct of the trial.* The Commonwealth contends, lastly, that the manner in which the defendant prepared for and tried the case showed that he received notice that both forms of vehicular homicide were at issue, and that he was not prejudiced. Specifically, it points to a stipulation entered into between the parties,[15] the opening statement of trial counsel, the examination and cross-examination of witnesses, and the final argument of

---

[14]While neither of the parties have used this term, it is found in one of the authorities cited by the defendant: *Commonwealth* v. *Bynoe*, 49 Mass. App. Ct. at 691-692, citing *United States* v. *Floresca*, 38 F.3d 706, 710 (4th Cir. 1994).

[15]The parties stipulated as follows: "[t]he victim . . . died as a result of blunt trauma with multiple torso injuries as indicated by the death certificate. The death certificate also states that the interval between onset and death was minutes after a collision between a motorcycle and automobile. The autopsy

counsel. The Commonwealth relies upon the case of *Commonwealth* v. *Whitehead*, 379 Mass. 640 (1980), to support its contention that the evidence about the defendant's negligence, coupled with the manner in which the case was defended, can make up for the lack of express averment in the complaint. However, in *Whitehead*, the Commonwealth charged both the female defendants with rape in indictments that contained all the necessary elements of the offense. *Id.* at 647-648. The defendants were not surprised by the alleged female-to-female rape given the bill of particulars and the evidence admitted during the Commonwealth's case-in-chief. *Id.* at 647-650. Here, by contrast, was a complaint that failed to include the negligent causation elements of the offense of vehicular homicide; the Commonwealth seeks to fill the void with a bill of particulars and the manner of trial.

More applicable is the case of *Commonwealth* v. *Bynoe*, 49 Mass. App. Ct. 687 (2000), where we decided that the trial judge erroneously gave a jury instruction on a new charge, not raised in the complaint, which was not a lesser included offense. *Id.* at 691-692. While we concluded that the error in *Bynoe* did not create a substantial risk of a miscarriage of justice, *id.* at 693-695, here, trial counsel preserved the error and the error was prejudicial. "[W]here an essential word or clause is omitted from an indictment, such omission is fatal and the essential allegations cannot be supplied by any intendment, argument, inference or implication." *Commonwealth* v. *Bracy*, 313 Mass. 121, 124 (1943). Therefore, the manner in which trial counsel conducted the trial does not make up for the Commonwealth's omission of the motor vehicle homicide by negligent operation charge. Consequently, in this case, no constructive amendment was possible, and there was insufficient support for the Commonwealth's proposed amendment of count 1 of the complaint.

*Conclusion.* Therefore, as discussed, the order amending count 2 of the complaint, and the judgment under count 2 for motor vehicle homicide, are reversed. The clerk shall correct the docket to reflect that the complaint contains no count 4 (motor vehicle homicide by negligent operation). The finding of guilt

and medical records support this finding. The issue of negligence or who caused the accident and death are for the Trier of fact."

under count 2 for operating to endanger shall be reinstated, and the case is remanded for resentencing on that offense. The orders that denied the Commonwealth's motions seeking to amend the complaint and to correct the docket to reflect the amendment are affirmed.

*So ordered.*